## Tanner's Appeal.

The ruling in Wolbach *v.* The Lehigh Building Association, 3 Norris 211, that a building association cannot recover from a married woman more than the sum borrowed and six per cent interest, is not to be extended to the husband who joins with the wife and obtains the full benefit of the loan.

June 9th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Appeal from the Court of Common Pleas of *Clinton county:* Of May Term 1880, No. 45.

Appeal of Samuel D. Tanner from the order of the court discharging a rule to show cause why a judgment should not be opened and defendants therein, Samuel D. Tanner and Adaline Tanner, his wife, be let into a defence.

Samuel D. Tanner petitioned the court as follows: That the defendants in the judgment are husband and wife. That the judgment was entered on a single bill, with warrant of attorney to confess judgment, providing for the payment of interest and dues, in the form commonly used by building and loan associations. That said Adaline Tanner, at and before the execution of said

single bill, was a stockholder in said association. That she borrowed from the association at the date of said single bill, the sum of $232, and gave to the plaintiff the said single bill, secured by a mortgage recorded in the county of Clinton, upon real estate situated in the borough of Renovo, the title of which was in the said Adaline in her own right. That deponent was not a member of said building and loan association. That since the execution and delivery of said single bill and mortgage, said Adaline has paid to said association more than the amount of money borrowed, with its legal interest. Deponent further avers that plaintiff has issued a writ of fieri facias against him alone, and placed the same in the hands of the sheriff, who, by virtue thereof, has levied thereon and advertised for sale the personal property of deponent.

He therefore prays the court to grant him a rule on the plaintiff to show cause why said judgment should not be opened and defendants let into a defence, further proceedings on said fieri facias to be stayed in the meantime; or to stay proceedings on said writ of fieri facias that your petitioner may have an opportunity to apply in open court for a rule to show cause why said judgment should not be opened and defendant let into a defence.

The court suspended the execution and granted the rule to show cause. Depositions were taken under the rule.

Samuel D. Tanner deposed: " My wife's name is Adaline Tanner; she owns a lot and a half of ground in Renovo, upon which is erected a two-story frame dwelling house; she is a stockholder in the Renovo Building and Loan Association—owner of five shares; my wife has owned this real estate since 1865; it was given to her by her father, William Baird; these five shares of building association stock originally belonged to Daniel W. Pierce, who was a tenant in my wife's house; she took the shares from him in payment of rent which he owed her; by mistake Pierce transferred the stock to me, and I then retransferred it to my wife, Adaline. My wife got a loan from this building association on these shares; there were two loans made to her: the first was about the month of June or July of 1870, about $330; the second loan she got about 1874—this last loan was about $232. The first loan was secured by a bond and mortgage on her Renovo property; I think the last loan was secured by a note and mortgage on same property.

"I am not a stockholder in the association; I joined in the mortgages and bonds because my wife had borrowed the money; I was not owing the association anything on my own account; I received no consideration for the signing of the papers; there was no other consideration for the bond and mortgage than the money borrowed by my wife as a stockholder; the payments made to the association were made on account of the money borrowed; an execution was issued on this judgment, and was in the hands of the

[Tanner's Appeal.]

sheriff; a levy was made on the ice in the ice-house; the ice-house is on the property covered by the mortgage."

Mrs. Tanner deposed: "I did not have the use of any of the money from the building association; my husband got the money for me, but I did not use any of it; I executed the bond and mortgage to the association; my husband also joined in it; we got two loans, one of $330, and one of $232; I took the shares and I paid for them; I paid for them by taking them as payment for house rent due to me from Daniel Pierce; they were transferred first to my husband and he transferred them to me; they were transferred to my husband by mistake, as I owned them; I did not tell him to have the shares transferred to himself—we had never any conversation about it; the rent belonged to me and the shares were consequently mine; I signed the bond and mortgage; I expected it would be a lien on my property; when the mortgage was given we expected to pay it; I was instructed, when I signed the mortgage, that we would have to pay the money we got, and lawful interest; our lawyer instructed us to this effect, and that more could not be collected; most of the money paid to the association was paid by my husband; I made several of the payments myself; what I paid was paid to James Shuster, an officer of the association; they gave us no receipts, but entered the payments in our books."

The court, without filing an opinion, discharged the rule "as to Samuel D. Tanner." He alone then took this appeal, and alleged that the court erred in this action.

*C. S. McCormick*, for plaintiff in error.—According to Wolbach and Wife *v.* The Lehigh Building Association, 3 Norris 211, Mrs. Tanner's property, described in the mortgage, is liable on the mortgage securing this bond for the face of the loan with interest, and Samuel D. Tanner's relation to the bond is not that of principal, but rather in the nature of a surety for her. When the Act of 1859 declares that the premiums and fines contracted for by the association shall not be usurious, it applies only to contracts between the association and its members. The bond is void as to Mrs. Tanner. Admitting that Mr. Tanner's liability remains as though the bond had been good against her; still, unless the Act of April 12th 1859 applies to the contract, he can be liable only for the original debt with interest. There is nothing in the Act of 1859 which makes the surety of a member a member of the association, or that causes him to stand in the relation of a member. Mrs. Tanner was incapable of acquiring membership. S. D. Tanner, although the stock had by mistake been assigned to him, really never became a member, or if he did by the assignment of the stock, before the money was borrowed, he ceased to be a member.

The evidence shows that the money was borrowed for and used

by Mr. Tanner, so that his relations to the association may seem to stand in equity about as they would if a person not a member of the association had borrowed money from the association and given his own bond to secure its repayment. If this were so we do not see that it changes his liability to the association. In either case, just as any other person in this Commonwealth, dealing with this defendant, could recover the debt and legal interest of the loan, so may this association, and it can legally recover no more.

No counsel nor paper book *contra.*

Mr. Justice MERCUR delivered the opinion of the court, June 21st 1880.

This is an appeal from the refusal of the court to open a judgment entered by confession on warrant of attorney. The wife of the appellant was the owner of stock in the Building and Loan Association. Assuming to act as a full member of the association, the loan was made to her. To secure the payment thereof, the obligation on which this judgment was entered was executed by the appellant and his wife jointly. The money passed directly from the appellee into the hands of the appellant, and appears to have been used by him. It must be conceded, under the authority of Wolbach et ux. *v.* The Lehigh Building Association, 3 Norris 211, that the wife is not legally liable for more than the sum borrowed, with six per cent. interest thereon. She, however, has not appealed from the decision of the court, and is not here complaining. He alone has appealed. He bound himself jointly with his wife for the payment of the sum borrowed, according to the constitution and by-laws of the association. They permit interest in excess of six per cent to be charged and taken. By reason of the personal disability of the wife, that excess could not be enforced by law against her. Inasmuch as she might receive the benefit of such excess of interest paid by others, there would be nothing inequitable in her paying according to her agreement, nor in the association so receiving it. In many cases of contract by husband and wife jointly, the former may be bound where the latter is not. This is not an attempt to enforce the executory contract of the husband, but one executed. Of one into which he voluntarily entered for the supposed benefit of himself and wife. He now appeals to the equitable power of the court to relieve him from the judgment thus given. In view of all the facts shown to the court and in the exercise of its reasonable discretion, it refused to disturb the judgment against the appellant. The case is not so clear as to induce us to reverse its decision.

Decree affirmed and appeal dismissed at the costs of the appellant.